IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00177-MSK-MJW

CHARLIE JAMES GRIFFIN, JR.,

       Plaintiff,

v.

OFFICER GASH,

       Defendant.

## ORDER DENYING MOTIONS

THIS MATTER comes before the Court on the Defendant's motion to dismiss **(#20),** to which the Plaintiff responded **(#23)** and the Defendant replied **(#24).** Also before the Court is the Defendant's motion to stay proceedings **(#21),** to which the Plaintiff responded **(#22).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

The Plaintiff, Charlie James Griffin, Jr., asserts a single claim against the Defendant, Officer John A. Gash. Mr. Griffin alleges that on January 22, 2003, Mr. Gash assaulted him. It is not clear what relief Mr. Griffin hopes to obtain in this lawsuit.

Mr. Gash moves to dismiss Mr. Griffin's claim pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that it is barred by the statute of limitations. Mr. Griffin opposes the motion. Mr. Gash also

seeks to stay all proceedings until the Court rules on the motion to dismiss.

### III. Issue Presented

The issue presented is whether the Court should dismiss Mr. Griffin's claim pursuant to Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitations.

### IV. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). A plaintiff is not required to include detailed factual allegations in a complaint, but a complaint must contain "more than labels and conclusions" and must consist of more than "a formulaic recitation of the cause of action[.]" *See Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S. Ct. 1955, 1964-65 (2007). Rather, it must contain factual allegations which are "enough to raise a right to relief above the speculative level[.]" *Id.*

Because Mr. Griffin is *pro se*, the Court construes his complaint and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Like any other litigant, Mr. Griffin is required to comply with all applicable rules. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### IV. Analysis

The sole argument raised in Mr. Gash's motion is that Mr. Griffin's claim was not timely

asserted pursuant to the 2-year statute of limitations which applies to claims under 42 U.S.C. § 1983.[1]  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.), *cert. denied,* 127 S.Ct. 675 (2006).  According to the Complaint, Mr. Gash assaulted Mr. Griffin on January 22, 2003.  However, Mr. Griffin did not commence this action until January 24, 2007.

Mr. Griffin responds that his claim was timely asserted in another civil lawsuit before Judge Pete Moore, and that it was simply refiled in this action.  Although not in so many words, he appears to be arguing that the statute of limitations was tolled while his claim was pending in another action before another judge.   This is the type of argument which cannot be resolved on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6), but instead requires further development of the factual record.  *See Fogle, supra.*  This issue is more appropriately addressed in the context of a summary judgment motion, which can be filed by the parties at any time prior to the deadline for dispositive motions.

**IT IS THEREFORE ORDERED** that the motion to dismiss **(#20)** is **DENIED**, and the motion to stay proceedings **(#21)** is **DENIED**, as moot.

Dated this 18th day of September, 2007

                                                   **BY THE COURT:**

                                             Marcia S. Krieger
                                             United States District Judge

---

[1] In his reply, Mr. Gash argues that the claim was previously asserted in another action before Chief Judge Nottingham and was dismissed with prejudice, therefore the claim is barred by the doctrine of collateral estoppel.  However, because this argument is raised for the first time in a reply brief, the Court does not reach it.  *Cf. Stump v. Gates,* 211 F.3d 527 (10th Cir. 2000).