IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00177-MSK-MJW

CHARLIE JAMES GRIFFIN, JR.,

    Plaintiff,

v.

OFFICER GASH,

    Defendant.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT,
AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

THIS MATTER comes before the Court on the Defendant's motion for summary judgment **(#44),** to which the Plaintiff responded **(#45).** Having considered the same, the Court **FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Issue Presented

The Plaintiff, Charlie James Griffin, Jr., asserts a single claim against the Defendant, Officer John A. Gash. Because Mr. Griffin appears *pro se*, the Court has liberally construed his filings in this matter in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Mr. Gash moves for summary judgment on the basis that the claim asserted in this lawsuit was dismissed, with prejudice, by another judge in this district in Civil Action No. 04-N-567 (MJW). Thus, he contends that the claim is barred. In response, Mr. Griffin simply states

that the Court has already rejected this argument.[1]

The issue presented is whether Mr. Griffin's claim is barred by a prior order of dismissal in another case.

### III. Material Facts

Based upon the evidence submitted, which the Court construes most favorably to Mr. Griffin, the Court finds for purposes of this motion that:

1.  In this action, Mr. Griffin asserts a single claim against Mr. Gash, apparently for use of excessive force. The complete extent of his allegations are as follows: On January 22, 2003, Mr. Gash assaulted Mr. Griffin, breaking his right elbow and left index finger.

2.  In Civil Action No. 04-N-0567 (MJW), also filed in the District of Colorado, Mr. Griffin sued Mr. Gash pursuant to 42 U.S.C. § 1983. In his complaint, he alleged that on January 22, 2003, Mr. Gash grabbed him, picked him up, and threw him on the concrete floor, breaking his right elbow and left index finger. He asserted a claim premised upon these and other alleged facts. As here, the claim was apparently for the alleged use of excessive force.

3.  On May 23, 2005, Judge Nottingham dismissed Mr. Griffin's claims in Civil Action No. 04-N-0567 (MJW), with prejudice, for failure to comply with court orders.

### IV. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs

---

[1] Mr. Griffin's belief is in error. The Court previously declined to address this argument when it was raised, for the first time, in a reply brief. Now the issue is squarely before the Court.

what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of

3

law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## V. Analysis

Dismissal of a plaintiff's claim, with prejudice, bars a second suit by the same plaintiff on the same claim in the same court. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001); Wright & Miller, Federal Practice and Procedure, § 2373. This is akin to operation of the doctrine of *res judicata*, which precludes assertion of a claim if: (1) there was a prior lawsuit which ended with a judgment on the merits; (2) the parties are identical or in privity; (3) the suit is based on the same cause of action; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Plotner v. AT & T Corp.,* 224 F.3d 1161, 1168 (10th Cir. 2000). This is because a dismissal, with prejudice, equates to an adjudication on the merits. Fed. R. Civ. P. 41(b).

Judge Nottingham dismissed, with prejudice, Mr. Griffin's claim against Mr. Gash for the alleged use of excessive force on January 22, 2003. Thus, Mr. Griffin's identical claim against Mr. Gash in this action is barred.

**IT IS THEREFORE ORDERED** the Defendant's motion for summary judgment **(#44)** is **GRANTED**, and the Plaintiff's claim against Mr. Gash is dismissed. The Clerk of Court is directed to close this case.

Dated this 11th day of August, 2008

                                        **BY THE COURT:**

                                        */s/ Marcia S. Krieger*
                                        Marcia S. Krieger
                                        United States District Judge